For petitioner: Archambault & Archambault.

For respondent: Chas. R. Ballou.

---

### 317

Joseph C. Cawley  
vs.  
Thomas F. Burke  } No. 43969

RESCRIPT  
April 11, 1919

TANNER, P. J. This is an action on a case in which the plaintiff seeks to recover the amount due him upon an attorney's lien for services in the case of Elizabeth L. Baxter vs. Thomas F. Burke. The action is brought against Thomas F. Burke, the defendant in the former action.

The case is heard upon demurrer to the declaration.

The demurrer is sustained as to the first and third counts and the plaintiff has amended.

The second count alleges that the plaintiff had a contract for services with said Baxter, by which he was to receive an amount equal to one-half of her recovery against said Burke; then alleges that the said Burke and Baxter collusively and fraudulently, and for the purpose of avoiding such payment to the plaintiff for services rendered,

conspired and agreed together for a settlement of said claim without the consent of and against the protests of plaintiff, and agreed not to proceed with said cause of action, and notified the attorney to abandon the action and had said action discontinued and settled; that neither Burke nor Baxter has informed the plaintiff of the amount or nature of the consideration for which said Baxter settled said cause of action; that the value of said cause of action was large, the defendant being a man of wealth worth $300,000.

The attorney's lien law gives an attorney a lien to the value of his contractual interest in the cause of action, etc., concerning which the contract is entered into. It also provides that after notice to the defendant in the action, the attorney's agreement shall operate as a lien and no settlement either before or after judgment shall invalidate it, but the same may be enforced like any other lien against the money or thing of value which is the consideration for the settlement; or the parties, if they have made a settlement, may be proceeded against jointly or severally in an action on the case at law and shall be jointly and severally liable to the attorney for the full value of his lien in accordance with his agreement.

We think that the proper construction of this act is that, notwithstanding the lien of the attorney, the cause of action still belongs to the client and that he may settle it or abandon it subject to his obligation to pay his attorney for services and subject to the enforcement of the attorney's lien against the client or against the defendant. The attorney cannot, in an action which he may bring against either of the parties to enforce his lien, try out the merits of his client's cause of action for the purpose of showing what would have been the value of his services or his lien if the case had not been settled by the parties. The recovery on an action to enforce the lien cannot go beyound the actual value of

the settlement made between the parties to the original action.

Fisher Hanson vs. Brooklyn Heights Railroad Co. 173 N. Y. 492.

The allegation in the second count that the settlement was collusive has no effect, since the parties to the original case may settle it at their pleasure without notice to the attorney. This may be discourteous but it is not illegal. The allegation that the settlement was fraudulently made means nothing without express assertion that it was not a genuine settlement. If it was not a genuine settlement, it cannot, of course, form the basis of the amount of recovery upon the lien; but if the settlement between the original parties is a genuine settlement, it is not fraudulent as to the attorney.

The second count of the declaration alleges a settlement between the original parties as to the amount of which the attorney is not informed. In accordance with what has already been said, the attorney cannot enforce a lien unless something has been paid in settlement. As a matter of pleading, therefore, the declaration should allege that some definite sum or thing of value has been paid. The allegation that some settlement has been made as to the amount of which the attorney is ignorant is a mere argumentative allegation at the best and is not good pleading.

Demurrer to the second count is therefore sustained.

For plaintiff: Philip S. Knauer and Henry E. Fowler.

For defendant: McGovern and Slattery.